## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ERICA AMANN,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **LOW VA RATES, LLC**, a Utah Limited Liability Company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Erica Amann ("Amann" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Low VA Rates, LLC ("LVR" or "Defendant") to (1) stop Defendant's practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express written consent, (2) stop Defendant from calling consumers who have requested that Defendant stop contacting them, and (3) obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Defendant LVR offers VA loans.[1]

2.      Defendant's marketing strategy includes telemarketing and text message campaigns.

---

[1] https://www.lowvarates.com/

3.      Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business and earn money, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited phone calls, and the sending of unsolicited text messages, to consumers' telephones without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4.      Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

5.      By making prerecorded calls and sending text messages, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their phones, including the related data, software, and hardware components.

6.      The TCPA was enacted to protect consumers from prerecorded phone calls and text messages like those alleged and described herein.

7.     In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling and text messaging activities to telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

## PARTIES

8.     Plaintiff Erica Amann resides in Newtonsville, Ohio.

9.     Defendant LVR is a limited liability company existing under the laws of the State of Utah with a principal place of business located at 384 S 400 W Ste 100, Lindon, Utah 84042-1957.  Defendant conducts business throughout this District, the State of Utah, and the United States.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unsolicited prerecorded calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant provides VA home loans to consumers throughout the country.

13.     Defendant engages in unsolicited telemarketing and text message marketing to find new customers.

14.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15.     Yet in violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded calls and send these autodialed text messages to consumer telephone numbers.

16.     On Defendant's website, Defendant is open about the fact that they contact consumers with prerecorded calls and text messages, stating that they may contact consumers "through automated means; e.g. autodialing, text message, pre-recorded messaging…":

# Compliance

You agree to share your information with Low VA Rates (mortgage lender) and any of our affiliates. Low VA Rates Insurance Agency is one of our affiliates that may contact you. It is possible from time to time that we may share the information you submitted to this page with non-affiliates, too. Low VA Rates, its affiliates and non-affiliates have your consent in writing by having hit "finish" and to contact you (including through automated means; e.g. autodialing, text message, pre-recorded messaging) via telephone, mobile device (including SMS and MMS) and email that you have provided. You agree that contact via the above methods are permitted even if your telephone number is currently on any state, federal or corporate Do Not Call List. [2]

17.     When placing these calls and sending these text messages to consumers, Defendant failed to obtain prior express written consent as required by the TCPA to make such calls.

_____

[2] https://www.lowvarates.com/compliance

18.     At all times material to this Complaint, Defendant was fully aware that unsolicited telemarketing calls were being made to consumers' telephones through its own efforts and/or the efforts of its agents.

19.     Defendant has received many complaints about their unsolicited calls and that consumers continue to receive calls like the Plaintiff after they have requested the calls stop.

- "This company keeps calling me and sending me mailers nonstop. I have contacted them over a dozen times asking them to stop. I have even had my attorney contact them and send them a cease and desist letter. However, they continue to send me mailers and call me on an almost weekly basis."[3]
- "They will not leave you alone!"[4]

### FACTS SPECIFIC TO PLAINTIFF AMANN

20.     In early 2017, Plaintiff began receiving unsolicited calls from Defendant on her landline phone number.  Plaintiff's landline phone number is her home phone number and has not been associated with a business.

21.     The calls Plaintiff received were from Defendant using the phone number 518-375-3503.

22.     All of the calls Plaintiff received on her landline were prerecorded, beginning with a prerecorded message requiring her to press a button in order to speak with an agent.

23.     The purpose of LVR's calls to Plaintiff were to solicit her to refinance her mortgage through LVR.

24.     Plaintiff told Defendant at least three times that she was not interested in LVR's services and asked for LVR to remove her number from their contact list.

---

[3] https://www.bbb.org/us/ut/lindon/profile/mortgage-broker/low-va-rates-1166-22358050/complaints#237217206
[4] https://www.facebook.com/pg/lowvarates/reviews/?ref=page_internal

25.      However, Defendant continued to contact Plaintiff repeatedly for more than a year. Sometimes, Defendant would call her every day to try to solicit her business.

26.      Plaintiff even tried calling Defendant to request that the calls stop, but this did not work and the calls continued.

27.      Plaintiff received a number of prerecorded voicemail messages from Defendant.

28.      Presented below is a small sample showing calls Plaintiff received from Defendant:





29.     In November of 2017, Defendant sent Plaintiff text messages in addition to the numerous, invasive phone calls. Each text message is a solicitation, encouraging Plaintiff to take advantage of different promotions being run by LVR:

7



30.     The text messages were sent to Plaintiff's landline. Plaintiff uses an application on her cell phone to access the text messages to her landline.

31.     Plaintiff called LVR in late February 2018 and specifically requested that the text messages stop. As with the calls, they continued despite her request.

32.     During all relevant times, Plaintiff did not have a relationship with Defendant, or any of its affiliated companies, and never requested that Defendant place calls to her or offer her its services. Simply put, Defendant did not possess Plaintiff's prior express consent to place telephone calls to her using a prerecorded voice and failed to comply with Plaintiff's requests that it stop calling.

33.     By making unauthorized prerecorded telephone calls and text messages as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone from all the voicemails that were left. In the present

case, a consumer could be subjected to many unsolicited prerecorded telephone calls as the Defendant does not take care to ensure that the recipients of its prerecorded calls have given their prior express written consent to be called.

34.     Even worse, a consumer can be subjected to many unsolicited calls and text messages, despite requesting that the calls and text messages stop.

35.     Seeking redress for these injuries, Plaintiff, on behalf of herself and a class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to telephones.

36.     On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telephone calling and texting activities and an award of statutory damages to the class members, together with costs and any other proper relief.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents acting on behalf of Defendant) called on their cellular phone number or residential landline number (2) using a pre-recorded voice message (3) for substantially the same reason Defendant called Plaintiff and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

> **Pre-recorded Stop Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents acting on behalf of Defendant) called on their cellular phone number or residential landline number (2) using a pre-recorded voice message (3) for substantially the same reason Defendant called Plaintiff (4) after they told Defendant to stop calling.

**Internal Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on their residential cellular or landline number, (2) within any 12-month period, (3) for the purpose of selling Defendant's products and services.

38.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

39.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a)  whether Defendant utilized a pre-recorded voice message when placing calls to Plaintiff and the members of the Pre-recorded No Consent Class;
>
> (b)  whether Defendant placed calls to Plaintiff and members of the Classes without first obtaining consent to make the calls;
>
> (c)  whether Defendant continued to place calls to Plaintiff and members of the Class after being told to stop calling;

(d) whether Defendant maintains a functional internal do not call system in order to stop calling consumers such as Plaintiff and members of the Class who asked for the calls to stop;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

42. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lavender and the Pre-recorded No Consent Class)**

43.     Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint and incorporates them by reference herein.

44.     Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

45.     These pre-recorded voice message calls were made *en masse* without the consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

46.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-recorded Stop Class)**

47.     Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint and incorporates them by reference.

48.     Defendant and/or its agents made unwanted solicitation telephone calls to telephone numbers belonging to Plaintiff and the other members of the Pre-recorded Stop Class after being told to stop calling.

49.     These solicitation telephone calls were made *en masse*.

50.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of

Defendant's conduct, Plaintiff and the other members of the Pre-recorded Stop Class are each

entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

51.     Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint and

incorporates them by reference.

52.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for

telemarketing purposes to a residential telephone subscriber unless such person or entity has

instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet the

following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes
> must have a written policy, available upon demand, for maintaining a do-not-call
> list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any
> aspect of telemarketing must be informed and trained in the existence and use of
> the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a
> call for telemarketing purposes (or on whose behalf such a call is made) receives a
> request from a residential telephone subscriber not to receive calls from that
> person or entity, the person or entity must record the request and place the
> subscriber's name, if provided, and telephone number on the do-not-call list at the
> time the request is made. Persons or entities making calls for telemarketing
> purposes (or on whose behalf such calls are made) must honor a residential
> subscriber's do-not-call request within a reasonable time from the date such
> request is made. This period may not exceed thirty days from the date of such
> request. If such requests are recorded or maintained by a party other than the
> person or entity on whose behalf the telemarketing call is made, the person or
> entity on whose behalf the telemarketing call is made will be liable for any
> failures to honor the do-not-call request. A person or entity making a call for

telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

53.     Defendant placed solicitation calls to Plaintiff and members of the Internal DNC Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendants to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

54.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

14

55.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to between $500 and $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amann, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b)  An award of actual and/or statutory damages for the benefit of Plaintiff and the Class;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**ERICA AMANN**, individually and on behalf of class of similarly situated individuals


Dated: March 3, 2020                    By:  /s/ Brian Giles
                                        Brian Giles
                                        The Law Offices of Brian T. Giles LLC
                                        1470 Apple Hill Rd., Cincinnati, Ohio 45230
                                        Telephone: (513) 379-2715
                                        Brian@GilesFirm.com

                                        -and-

Avi R. Kaufman*
kaufman@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*

16