## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | |
|---|---|
| ERICA AMANN, | : |
| | : |
| Plaintiff, | :   CASE NO. 1:20-cv-00180 (MRB) (KLL) |
| | : |
| | :   Judge Michael R. Barrett |
| v. | :   Magistrate Judge Karen L. Litkovitz |
| | : |
| LOW VA RATES, LLC, | :   **STIPULATED PROTECTIVE** |
| | :   **ORDER** |
| Defendant. | : |
| | : |
| | : |
| | : |

Plaintiff Erica Amann ("Plaintiff"), and Defendant Low VA Rates, LLC ("Defendant"), by their counsel, and subject to approval of the Court, hereby stipulate to the following Order relating to confidential personal and business information.

**IT IS HEREBY STIPULATED THAT:**

Each Party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order for the Protection of Confidential Information and Highly Confidential Information ("Order") agrees as follows:

### PURPOSE

The parties recognize that preparation and trial of this action may require the discovery of certain of the confidential financial, personal, or other records of Plaintiff and of the confidential business records and materials containing confidential business, personnel, commercial, trade secret, or financial information, potentially including consumer information, of Defendant or third parties.  The parties desire to litigate this action without jeopardizing Plaintiff's,

Defendant's, or any other person's interests and expectations in the confidentiality of their records and information, and so enter this Order.

## **INFORMATION SUBJECT TO THIS ORDER**

1.      The protection of this Order may be invoked with respect to any confidential financial, personal or business records and  materials containing confidential business, consumer, commercial, trade secret, or financial information (a) conveyed by or contained in a document produced or (b) stated in answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement between counsel.  Any party to this action, or any non-party that has produced information that is reasonably believed by it to be the type so recognized, may, at or after the time of production, designate such information as Confidential and the information so designated shall thereafter be subject to the provisions of this Order.  In the case of documents, each page that is to be produced under this Order shall be separately marked Confidential.

2.      The protection of this Order may also be invoked with respect to an additional category of documents and information that are designated Highly Confidential.

a.   The Highly Confidential designation shall only be applied to nonpublic personal information, as that term is defined in 15 U.S.C. § 6809(4), of persons who are not parties to this action.

b.   Such documents shall be subject to all of the same restrictions as are imposed on Confidential documents or information pursuant to the Protective Order, as well as the additional restrictions listed below.

3.      The parties agree to designate information as Confidential or Highly Confidential on a good faith basis and only as to information and materials that are in fact confidential or highly confidential, and not for the purposes of harassing the receiving party or parties or for the purpose of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

4.      Regardless of whether marked Confidential as set forth in paragraph 1 of this Order, any and all personal financial records produced during the course of discovery shall automatically be deemed Confidential for purposes of this Order, even if not separately marked as such.

5.      The fact that a party inadvertently failed to designate particular documents or information as Confidential or Highly Confidential prior to producing them, or that material properly considered to be confidential or highly confidential was obtained from third parties prior to the Plaintiff filing suit in this Court, shall not preclude any party from designating such documents or information as Confidential or Highly Confidential in a timely fashion once the Party becomes aware that the material should be protected.

## **<u>PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION</u>**

6.      Any information and documents designated Confidential pursuant to paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their agents, officers and management employees, including in-house counsel, each outside counsel assisting in or responsible for this proceeding and members of the legal, paralegal, secretarial or clerical staff of such counsel, persons retained by parties' counsel to provide business, data, and similar services related to the litigation, counsel retained by witnesses, the Court or Court personnel, jury members, mediators, persons employed as experts or consultants for each party,

regardless of whether those experts or consultants are to provide testimony at trial in this matter, and witnesses on an as-needed basis only.

7.      No witness, expert, consultant, services personnel, or witness' attorney may be permitted to possess outside of the presence of counsel for a party, or to copy any document or information designated as Confidential or Highly Confidential, unless such person has been provided a copy of this Order, and has provided the attorney with a signed statement acknowledging such receipt and agreeing to be bound by the Order.

### ADDITIONAL RESTRICTIONS CONCERNING HIGHLY CONFIDENTIAL INFORMATION

8.      Documents or information designated as Highly Confidential are subject to the same restrictions that apply to Confidential documents and information as described in paragraphs 6 and 7 of this Order, with the following additional provisions:

a.      Documents or information designated as Highly Confidential may be shown to or discussed with the parties, but may not be left or maintained in the parties' possession unless specifically agreed in writing by the designating party as to specific documents or information.  Rather, documents or information designated as Highly Confidential shall be maintained by the parties' outside counsel, including vendors retained by outside counsel.  Provided, however, that Defendant's counsel may provide information concerning Defendant borrowers' loans—but not borrowers of other companies—to Defendant's personnel who are assisting with the defense of this Action.

b.      Non-producing parties and their counsel may not use the identities of or any non-public personal information concerning borrowers or consumers who are not parties to this Action obtained from documents designated as Highly Confidential

for any purpose outside of this litigation, and such documents will not be used to contact or solicit any such person prior to class certification except by leave of the Court in this Action.

## LIMITATIONS ON THE USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

9.      Any information designated Confidential or Highly Confidential pursuant to paragraphs 1 and 2 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

10.     In the event that any information or documents designated as Confidential or Highly Confidential as provided in paragraphs 1 and 2 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within fourteen business days after the receipt of the transcript that the portions of the deposition relating to the Confidential or Highly Confidential information, as well as any Confidential or Highly Confidential; documents which are made exhibits, shall be retained under seal and that copies of such materials shall be given only to those persons afforded access under paragraph 6.  In addition, only those persons afforded access under paragraph 6 may be present at any deposition examination concerning Confidential or Highly Confidential information.

11.     This Protective Order does not authorize the sealing of protected materials in Court records.  *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

12.     The Parties will follow Southern District of Ohio Local Rule 5.2.1 regarding the filing of sealed documents.  To the extent that a brief, memorandum, or pleading references or attaches any document marked as Confidential or Highly Confidential, then the filing party must first seek leave of the Court, by motion, to file the document under seal in accordance with S.D. Ohio Civ. R. 5.2.1(a) and the Court's standing orders.  If the filing party is the designating party, their motion shall state the legal basis for filing under seal.  If the filing party is not the designating party, the filing party's motion shall refer to this order, shall state the designation (e.g. Confidential or Highly Confidential) and shall name the designating party.  The designating party shall file a response stating the legal basis for filing under seal.  The filing party shall deliver a courtesy copy of any document filed under seal to the judicial officer's chambers (or by electronic mail if the documents proposed to be filed under seal are no more than 10 pages) and shall serve counsel for the other parties via electronic mail.  If a nonparty designated the document or information as Confidential or Highly Confidential, then the filing party will also send a copy of the motion to the designating nonparty via electronic mail.  In no circumstances shall a document be filed under seal without Court permission.

13.     This Order shall also apply to all pleadings, deposition transcripts, discovery papers, summaries, notes, abstracts or other instruments which comprise, embody, summarize, discuss, or quote from any documents produced in the litigation which contain Confidential or Highly Confidential information, or any other material, designated Confidential or Highly Confidential, including memoranda or work product prepared by counsel, their staff or authorized outside consultants or experts.

## FINAL TERMINATION OF PROCEEDING

14.     Upon final termination of this proceeding, including all subsequent appeals, each party shall either destroy or return to the producing party all materials produced and designated as Confidential or Highly Confidential and all copies thereof.  Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep information marked as Confidential or Highly Confidential in the manner provided by this  Order.

15.     This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

16.     The parties may agree only in writing to withdraw the designation of Confidential or Highly Confidential.  If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the parties shall meet and confer in good faith in an attempt to resolve any dispute.  In the event any dispute over one or more designations is not resolved, then the party challenging the designation of the document as Confidential or Highly Confidential shall bear the initial burden of going forward to move the Court to resolve the issue and shall explain why it contends the designation is improper, but the party designating the material as Confidential or Highly Confidential shall bear the ultimate burden of establishing that the material should be protected.  The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document.

17.     This Order has no effect upon and shall not apply to the parties' own use of the information and documents that that party produced under the protections of this Order, except as set forth in paragraph 8(a) of this Order.

18.     In the event additional parties become parties to this action, they shall not have access to material marked Confidential or Highly Confidential until, by their counsel, they have executed and filed with the Court their agreement to be fully bound by this Order.

19.     Except for non-public personal information of a non-party consumer, this Order shall not apply to information in the public domain or legitimately obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as Confidential or Highly Confidential in this case.

## INADVERTENT PRIVILEGE DISCLOSURE

20.     The parties intend that this provision provides all the protections afforded by Federal Rule of Evidence 502 and further imposes the obligations of Federal Rule of Civil Procedure 26(b)(5)(B) on the party receiving documents or information.

21.     The disclosure during discovery of a document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding, for either that Privileged Material or the subject matter of that Privileged Material, unless there is an intentional waiver of the privilege to support an affirmative use of the Privileged Material in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).  The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).  That is, all

8

disclosures not made to support an affirmative use of the Privileged Material in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

22.     Except when the requesting party contests the validity of the underlying claim of privilege (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Privileged Material(s) in question), any Privileged Materials shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option.  If the underlying claim of privilege is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B).  In assessing the validity of any claim of privilege, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Privileged Material once the producing party had actual knowledge, including actual knowledge of the party's attorney of record or other attorney with lead responsibilities in the litigation, of (i) the circumstances giving rise to the claim of privilege and (ii) the production of the Privileged Material.

23.     Within three (3) business days of receipt of notice by any party that Privileged Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Privileged Material shall comply with Fed. R. Civ. P. 26(b)(5)(B).

24.     In addition, upon such notice that Privileged Material was produced or disclosed, the receiving party shall collect and segregate all notes or other work product that summarize,

discuss, or quote the contents of such Privileged Material. If the receiving party does not contest the privilege designation, or if, after submission under seal pursuant to Fed. R. Civ. P. 26(b)(5)(B), the Court determines that the material is Privileged Material, the receiving party's notes or other work product that summarize, discuss, or quote the contents of the Privileged Material shall then be, in relevant part, destroyed.

## MISCELLANEOUS PROVISIONS

25.     This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

26.     The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

27.     The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential or Highly Confidential information.


SO ORDERED:


Dated: _June 22, 2020_

_Karen L. Litkovitz_
UNITED STATES MAGISTRATE JUDGE


13421558v1

10