# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ERICA AMANN, INDIVIDUALLY AND ON BHEALF OF ALL OTHERS SIMILARLY SITUATED,<br>    Plaintiff,<br><br>vs.<br><br>LOW VA RATES, LLC<br>    Defendant. | Case No. 20-cv-180<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on defendant Low VA Rates, LLC's motion to dismiss or strike Count II of plaintiff's class action complaint and plaintiff's request for attorney's fees (Doc. 10), plaintiff's response (Doc. 13), and defendant's reply (Doc. 15). For the reasons that follow, the Court recommends that the motion be granted.

## I. Background[1]

The Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order. . . ." *Id.* at § 227(b)(1)(B).[2]

---

[1] The factual background is derived from plaintiff's complaint (Doc. 1) for purposes of this motion.
[2] Counts I and II of the complaint each reference "47 U.S.C. § 227(b)(1)." (Doc. 1 at PAGEID #: 12-13). The TCPA at § 227(b)(1) contains several distinct prohibitions in subsections (A)-(D). The Court cites subsection (B) because it is the only subsection that correlates to plaintiff's allegations. Subsection (A) concerns calls made to emergency, health care, and public safety lines; calls made to guest rooms at health care facilities; and calls made to numbers for which the called party will be charged, such as cellular telephones. Subsection (C) concerns unsolicited advertisements to telephone facsimile machines. Subsection (D) concerns engaging multiple lines of a multi-line business simultaneously.

Defendant is a Utah limited liability company that provides consumer home loans nationwide.  Plaintiff began receiving unsolicited calls from defendant in early 2017 on her home telephone number, which is her landline.  Each such call was prerecorded and solicited her to refinance her mortgage through defendant.  Plaintiff told defendant at least three times that she was not interested and asked to be removed from its contact list.  Plaintiff called defendant in February 2018 and requested that the text messages, specifically, stop.[3]  All told, defendant's calls, voicemails, and text messages continued, unabated (and sometimes daily), for more than a year.  During this period, plaintiff had no relationship with defendant or its affiliates and never asked or otherwise gave consent to be solicited.

On March 3, 2020, plaintiff filed a class action complaint.  The complaint contains three counts, each of which corresponds to one of three classes.  As relevant here, Count I asserts a claim for violations of 47 U.S.C. § 227(b)(1) on behalf of "[p]laintiff[4] . . . and the Pre-recorded No Consent Class" (Class 1).  Plaintiff defines Class 1 as:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents acting on behalf of Defendant) called on their cellular phone number or residential landline number (2) using a pre-recorded voice message (3) for substantially the same reason Defendant called Plaintiff and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

(Doc. 1 at PAGEID #: 9).

Count II also asserts a claim for violations of 47 U.S.C. § 227(b)(1); but here, the claimed

---

[3] Plaintiff uses an application that allows her to access text messages sent to her landline from her cell phone.
[4] The Court notes that the first claim is brought "On Behalf of Plaintiff *Lavender* and the Pre-recorded No Consent Class[.]"  (Doc. 1 at PAGEID #: 12) (emphasis added).  While count I is not challenged by the present motion, Plaintiff Lavender is not otherwise identified in the Complaint and is not clear to the Court whether the reference to "Plaintiff Lavender" is intentional.

2

violations injured "[p]laintiff and the Pre-recorded Stop Class" (Class 2). Plaintiff defines Class 2 as:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents acting on behalf of Defendant) called on their cellular phone number or residential landline number (2) using a pre-recorded voice message (3) for substantially the same reason Defendant called Plaintiff (4) after they told Defendant to stop calling.

(*Id.*).

The only distinction between Class 1 and Class 2 is the fourth element. Class 1 encompasses both those from whom defendant did not obtain prior express written consent to make otherwise prohibited calls and those individuals from whom defendant may have received prior express written consent. Class 2 does not explicitly address whether or not proposed class members initially consented; instead, Class 2 encompasses those who received prohibited calls *after* telling defendant to stop the calls. The complaint also contains a generalized request for "reasonable attorney's fees" as part of its description of the nature of the action. (*Id.* at PAGEID #: 3).

On May 1, 2020, defendant moved to dismiss or strike Count II of the complaint because it is redundant or duplicative of Count I. Defendant also moved to dismiss or strike plaintiff's request for attorney's fees because it has no basis in common law or the TCPA.

### II. Legal standards

Defendant filed its motion pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, Fed. R. Civ. P. 12(f). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d

571, 575 (6th Cir. 2005)).  Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required.  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id.* (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  "A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under Fed. R. Civ. P. 12(f), on its own or on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Whether to apply the rule is in the trial judge's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001).  "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted."  *Id.*  *See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018).  "In deciding whether to strike a pleading or portions thereof, courts should consider (1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is."  *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC,* No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

4

### III. Analysis

Plaintiff "does not oppose [d]efendant's request to strike" her request for attorney's fees. (Doc. 13 at PAGEID #: 53 n.1). Consistent with this representation, the Court recommends that the District Court strike plaintiff's request for attorney's fees pursuant to Fed. R. Civ. P. 12(f). The balance of the Court's analysis therefore concerns only defendant's motion to dismiss or strike Count II of the complaint.

The Court begins with the appropriate procedural mechanism before turning to the parties' arguments. The Court is reluctant to strike claims under Fed. R. Civ. P. 12(f)—a "drastic remedy." *Superior Credit Union, Inc. v. CUMIS Ins. Soc'y, Inc.*, No. 1:19-cv-073, 2019 WL 5557343, at *7-8 (S.D. Ohio Oct. 28, 2019) (quoting *Watkins*, 107 F. Supp. 2d at 887 and citing *Miller*, 2018 WL 466426, at *3) (denying motion to strike a conclusory claim for punitive damages where the claim related to the parties' dispute and the moving party would not be prejudiced if it were not stricken), *report and recommendation adopted*, 2019 WL 6131267 (S.D. Ohio Nov. 19, 2019). Because the claim in Count II relates to the controversy and defendant cites no resulting prejudice from failing to strike the claim, the Court declines to strike Count II under Fed. R. Civ. P. 12(f). *See Miller*, 2018 WL 466426, at *3.

Defendant moves to dismiss Count II under Rule 12(b)(6) on the basis that Count II is redundant or duplicative of Count I, and there is no way to determine which telephone calls fall under which Count. Defendant argues that Counts I and II assert the same basis for liability—47 U.S.C. § 227(b)(1)(B)—and therefore both cannot stand. (*See* Doc. 10 at PAGEID #: 43, citing *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010)) ("[I]t is axiomatic that [a plaintiff] cannot assert two separate counts alleging the exact same claims.").

5

Plaintiff responds that she is not attempting to doubly recover under 47 U.S.C. § 227(b)(1) and that the counts are distinguishable in two ways. First, Count I captures calls for which defendant may assert the defense of prior express written consent. Calls falling under Count II, by contrast, would not be subject to that defense because members of Class 2 (claimants under Count II) later told defendant to stop. Though this argument implies that the calls falling under Counts I and II would not overlap, plaintiff then cites *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011) for the proposition that multiple claims under the TCPA may be appropriate even if premised on a single call. *Id.* at 449. Second, plaintiff argues that Count II (addressing calls made after defendant was told to stop) is warranted because those calls may subject defendant to treble damages to the extent that it acted "willfully or knowingly[.]" 47 U.S.C. § 227(b)(3).

Defendant replies that neither distinction justifies the separate claims under 47 U.S.C. § 227(b)(1) in Counts I and II. As to the first distinction, defendant argues that the availability of a defense does not warrant the assertion of another claim but instead simply prevents recovery by certain class members—provided that the defense is meritorious. Defendant further disagrees with plaintiff's invocation of *NMP*, arguing that the Sixth Circuit held that separate recoveries under the TCPA for a single call are warranted *only if* separate sections of the statute are invoked (e.g., 47 U.S.C. §§ 227(b)(1) and 227(c)(5)). *See NMP*, 656 F.3d at 448-49. Moreover, even if a second 47 U.S.C. § 227(b)(1)(B) claim were warranted, defendant argues that plaintiff's allegations do not support the claim contemplated in Count II because plaintiff does not allege that she gave, then revoked, consent. (*See* Doc. 1, PAGEID #: 8 at ¶ 32) ("Plaintiff . . . never requested that [d]efendant place calls to her or offer her its services. . . . Defendant did not

6

possess Plaintiff's prior express consent to place telephone calls to her. . . ."). As to treble damages, defendant argues that their availability may enhance the damages following a meritorious claim, but they do not serve as an appropriate basis for a separate claim.

The Court begins with the Sixth Circuit's decision in *NMP*. The plaintiff in *NMP* alleged that certain telephone calls violated both 47 U.S.C. §§ 227(b) (establishing automated call restrictions) and (c) (establishing do-not-call-list rights). *Id.* at 448-49. In that context, the Sixth Circuit held that a single call could generate two recoveries under the TCPA because the plaintiff alleged *separate harms* dealt with by *separate sections* of the statute. 656 F.3d at 448-49. *NMP* therefore supports Count III of plaintiff's complaint, which is not at issue and arises under 47 U.S.C. § 227(c)(5); but *NMP* does not necessarily support plaintiff's assertion of both Count I and Count II, which address the same harm arising under the same subsection: 47 U.S.C. § 227(b)(1)(B). *Cf. Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009) (holding that, as the claims in issue pertained to a single subsection (47 U.S.C. § 227(c)(5)), the plaintiff could not "collect statutory damages on a per-violation basis under the TCPA" because that subsection and corresponding regulations allowed recovery only on a per-call basis).

Having confirmed that *NMP* does not support plaintiff's position, the Court turns to her primary argument: that Counts I and II are not designed to generate multiple recoveries related to single calls but instead "simply plead[] her claims in a way" that addresses both (1) calls that are subject to a potential consent defense (Count I) and (2) those that are not (Count II). (*See* Doc. 13 at PAGEID #: 54). As summarized above, Class 1 (incorporated into Count I) encompasses calls for which proposed class members either (a) gave prior express written consent or (b) did not give express prior written consent. (*See* Doc. 1 at PAGEID #: 9). The same is true of Class

7

2 (incorporated into Count II) as pleaded.[5] A Class 2 call recipient could have either given prior express written consent (consistent with Class 1 element 4(a)) or not (consistent with Class 1 element 4(b)) before eventually telling defendant to stop. Members of the more specific Class 2 meet the more general definition of Class 1 and, by extension, would also fall within Count I. Even if defendant's interpretation of Count II is correct, such that Class 2 includes only proposed class members that initially gave and later revoked consent, these class members would still meet element 4(a) of Class 1. In the Court's view, Count II (Class 2) represents a separate opportunity for recovery under the same TCPA subsection (47 U.S.C. § 227(b)(1)(B)) for some number of Class 1/Count I claimants. This redundancy is a basis for dismissal. *See Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588, 592 (S.D. Ohio 2011) ("failing to state separate violations of the TCPA" warranted dismissal for "fail[ing] to state claims upon which relief can be granted").

The possibility of treble damages also does not warrant the second claim under 47 U.S.C. § 227(b)(1)(B) in Count II. Treble damages simply increase the award for a 47 U.S.C. § 227(b)(1)(B) violation. *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, No. 6:19-cv-196, 2019 WL 2567971, at *3 (M.D. Fla. Jun. 21, 2019) ("[T]he possibility of treble damages under 47 U.S.C. § 227(b)(3) is not a separate cause of action; it is simply an enhancement of the damages available for a violation . . . already alleged in Count I."). Moreover, though plaintiff's response suggests that she only seeks treble damages with respect to Class 2/Count II claims (*see* Doc. 13 at PAGEID #: 53), her complaint alleges entitlement to "$500 in damages for each violation, and up to $1,500" in each of the three counts. (*See* Doc. 1 at ¶¶ 46, 50, and 55). This fact belies the

---

[5] In reply, defendant argues that plaintiff "implies" that Class 2 members "purportedly made a request to stop calling *after initially giving consent* to be called." (Doc. 15 at PAGEID #: 66) (emphasis added). Beyond implication, however, the Class 2 definition itself is silent on whether proposed members thereof initially consented to the calls. (*See* Doc. 1 at PAGEID #: 9).

8

argument that the possibility of treble damages is unique to Count II.

In sum, the Court appreciates plaintiff's representation that she does not intend double recoveries and the distinction she attempts to draw by proposing Class 1 and Class 2. As a matter of law or fact, the distinction may support the proposed designation of subclasses.[6] *See* Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule."). The distinction between class members does not, however, implicate separate subsections of the TCPA or distinct harms. As drafted, Count I encompasses all Count II claimants and the counts seek identical relief. Count II fails to clearly allege separate violations of the TCPA and therefore fails to assert a claim for which relief may be granted. *See DFS Servs. LLC*, 781 F. Supp. 2d at 592.

**IT IS THEREFORE RECOMMENDED** that defendant's motion be **GRANTED**, that plaintiff's request for attorney's fees be **STRICKEN**, and that Count II of the complaint be **DISMISSED**.

Date: 10/28/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[6] While not presently before the Court, defendant raises concerns about plaintiff's capacity as a class representative for proposed class members that gave and later revoked consent to the subject calls. Plaintiff's allegations are inapposite to that theory; she adamantly denies ever having given prior express consent to calls. (*See* Doc. 1, PAGEID #: 8 at ¶ 32).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ERICA AMANN, INDIVIDUALLY                  Case No. 20-cv-180
AND ON BHEALF OF ALL OTHERS               Barrett, J.
SIMILARLY SITUATED,                           Litkovitz, M.J.
      Plaintiff,

      vs.

LOW VA RATES, LLC                                 **NOTICE**
      Defendant.

       Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).

10