**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

| | |
|---|---|
| ERICA AMANN, | : |
|           Plaintiff, | : CASE NO. 1:20-cv-00180 (MRB) (KLL) |
| v. | : Judge Michael R. Barrett |
| LOW VA RATES, LLC, | : Magistrate Judge Karen L. Litkovitz |
|           Defendant. | : |

## ANSWER TO COMPLAINT

Defendant Low VA Rates, LLC ("Low VA Rates") hereby answers the Complaint (Dkt. #1) as follows. Low VA Rates restates the headings and subheadings of the Complaint herein for reference only, and states that any allegation not specifically responded to in this Answer is denied, including allegations or statements in unnumbered headings and subheadings of the Complaint. In addition, the introductory paragraph states legal conclusions, to which no response is required, and averments as to Plaintiff's personal knowledge and the basis thereof, of which Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required to the introductory paragraph, those allegations are denied.

Each paragraph below corresponds to the paragraph numbered in the Complaint.

### RESPONSES TO ALLEGATIONS IN COMPLAINT

1. Admitted.

2. Denied.

1

3. Denied.

4. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

5. Denied.

6. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

7. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

## PARTIES

8. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required, denied.

9. Low VA Rates admits that it is a limited liability company, that its principal place of business is located at 384 S. 400 W, Ste 100, Lindon, Utah 84042, and that it has advertised and made loans to persons who reside in this District and persons who reside in Utah, as well as to persons who reside in a number of other states. Otherwise, denied.

## JURISDICTION AND VENUE

10. Low VA Rates admits that it conducts business and advertises its services within the geographical area encompassed by the Southern District of Ohio. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning where the purported "wrongful conduct" alleged occurred or was directed to, and to the extent a response is required, denied. The remainder of the allegations of this paragraph state only legal conclusions, for which no response is required. To the extent a response is required, denied.

11. Low VA Rates admits that it conducts business and advertises its services within

the geographical area encompassed by the Southern District of Ohio.  Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the location of where the purported "wrongful conduct" occurred or was directed to, and to the extent a response is required, denied.  The remainder of the allegations of this paragraph state only legal conclusions, for which no response is required.  To the extent a response is required, denied.

## COMMON FACTUAL ALLEGATIONS

12. Low VA Rates admits that it makes VA home loans to consumers who reside in a number of states.  Otherwise, denied.

13. Denied.

14. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

15. Denied.

16. Low VA Rates admits that its website contains language that is substantially similar to that provided in paragraph 16.  Otherwise, denied.

17. Denied.

18. Denied.

19. Denied.

## FACTS SPECIFIC TO PLAINTIFF AMANN

20. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations.  To the extent a response is required, denied.

21. Low VA Rates admits that Plaintiff's telephone records, produced in discovery, appear to reflect telephone calls to Plaintiff's telephone number from the telephone number 518-

3

375-3503, which was formerly associated with Low VA Rates' New York Branch. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. To the extent a response is required, denied.

22. Denied.

23. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required, denied.

24. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required, denied.

25. Denied.

26. Low VA Rates admits that its New York Branch received one call from Plaintiff, during which Plaintiff requested not to be called on the number she claims is her landline, on March 8, 2018. Low VA Rates denies the remainder of the allegations of this paragraph.

27. Denied.

28. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required, denied.

29. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required, denied.

30. Low VA Rates lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. To the extent a response is required, denied.

31. Denied.

32. Low VA Rates lacks knowledge or information sufficient to form a belief concerning how Low VA Rates' New York Branch obtained Plaintiff's telephone number, and on that basis therefore denies the allegations that "Plaintiff did not have a relationship with

Defendant, or any of its affiliated companies, and never requested that Defendant place calls to her or offer her its services[.]" The remainder of the allegations contained in this paragraph are denied.

33. Denied.

34. Denied.

35. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

36. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

## CLASS ALLEGATIONS

37. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

38. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Lavender[1] and the Pre-recorded No Consent Class)

43. Low VA Rates repeats and realleges its responses to paragraphs 1 through 42 of

---

[1] As Plaintiff's name is Erica Amann, Low VA Rates assumes this reference to "Plaintiff Lavender" is a typographical error. Low VA Rates generally denies any and all allegations contained in the unnumbered headings and subheadings of the Complaint.

5

the Complaint and incorporates them by reference herein.

    44.    Denied.

    45.    Denied.

    46.    Denied.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-recorded Stop Class)**

    47.    Low VA Rates repeats and realleges its responses to paragraphs 1 through 42 of the Complaint and incorporates them by reference herein.

    48.    The Second Cause of Action was dismissed by Order dated November 16, 2020 (Dkt. #19) (adopting the Report and Recommendation filed by the Magistrate Judge on October 28, 2020 (Dkt. #18)). To the extent a response is required, denied.

    49.    The Second Cause of Action was dismissed by Order dated November 16, 2020 (Dkt. #19) (adopting the Report and Recommendation filed by the Magistrate Judge on October 28, 2020 (Dkt. #18)). To the extent a response is required, denied.

    50.    The Second Cause of Action was dismissed by Order dated November 16, 2020 (Dkt. #19) (adopting the Report and Recommendation filed by the Magistrate Judge on October 28, 2020 (Dkt. #18)). To the extent a response is required, denied.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

    51.    Low VA Rates repeats and realleges its responses to paragraphs 1 through 42 of the Complaint and incorporates them by reference herein.

    52.    This paragraph states only legal conclusions, for which no response is required.

To the extent a response is required, denied.

53. Denied.

54. This paragraph states only legal conclusions, for which no response is required. To the extent a response is required, denied.

55. Denied.

## PRAYER FOR RELIEF

Low VA Rates denies all allegations contained in Plaintiff's requests for relief at the end of the Complaint (including subparts a-e).

## LOW VA RATES' AFFIRMATIVE DEFENSES

Low VA Rates asserts the following defenses to the Complaint, without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert claims with respect to some or all of the telephone calls and text messages described in the Complaint because she did not suffer any injury as a result therefrom.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and the putative class members consented to some or all of the telephone calls and text messages described in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Low VA Rates established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone calls and text messages to consumers who requested

not to be called.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any purported Class Members were not the intended recipients of calls placed by Low VA Rates, they lack standing to assert a claim as they are not "called parties" within the meaning of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate her alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state plausible causes of action for class relief pursuant to Federal Rule of Civil Procedure 23, because Plaintiff's claims are not common or typical of the claims of the putative classes; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims of the putative class members. In addition, the putative classes are not ascertainable.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state plausible causes of action for class relief because the Complaint's class definitions contain putative class members who lack standing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition of statutory damages and/or exemplary or punitive damages under the TCPA on a class-wide basis would violate the Due Process provisions of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition of statutory damages and/or

exemplary or punitive damages under the TCPA on a class-wide basis would violate the Eighth Amendment prohibition against excessive fines.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA is a content-based restriction that violates Low VA Rate's First Amendment right to free speech by improperly inhibiting the exercise of constitutionally protected free speech.

## TWELFTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Low VA Rates for any potential claims by out-of-state putative class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are or may be barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Low VA Rates reserves the right to allege additional affirmative defenses as discovery unfolds.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of the Complaint;

2. That judgment be entered in favor of Low VA Rates and against Plaintiff on all causes of action; and

3. Such other and further relief as the Court deems just and proper.

Dated: November 30, 2020               Respectfully submitted,

*/s/ Carolyn A. Taggart*
Carolyn A. Taggart (0027107)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202-5118
Phone: (513) 369-4231
Fax: (513) 421-0991
Email: ctaggart@porterwright.com


Michael Y. Kieval (*pro hac vice*)
Joseph M. Katz (*pro hac vice*)
WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
Phone: (202) 628-2000
Fax: (202) 628-2011
Email: kieval@thewbkfirm.com
Email: katz@thewbkfirm.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system which will cause this document to be served on all counsel of record.

>  */s/  Carolyn A. Taggart*

13925177v1